**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 09-2163**

───────────────

SIDWISBERT BANGO SANGAFIO,

                    Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

───────────────

On Petition for Review of an Order of the Board of Immigration
Appeals.

───────────────

Submitted:  March 25, 2010            Decided:  May 14, 2010

───────────────

Before MICHAEL[1] and DAVIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────────

Petition denied by unpublished per curiam opinion.

───────────────

Robert A. Remes, CARLINER & REMES, P.C., Washington, D.C., for
Petitioner.  Tony West, Assistant Attorney General, David V.
Bernal, Assistant Director, Yedidya Cohen, Office of Immigration
Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

───────────────

───────────────

        [1] Judge Michael was a member of the original panel but did
not participate in this decision.  This opinion is filed by a
quorum of the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sidwisbert Bango Sangafio, a native and citizen of the Central African Republic ("CAR"), petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT"). We deny the petition for review.[2]

Insofar as Sangafio claims that he showed extraordinary circumstances excusing the one year period in which to file an asylum application because of his lawful status, we note he failed to exhaust this claim because he did not raise it before the Board on appeal. Accordingly, we are without jurisdiction to consider the claim. See 8 U.S.C. § 1252(d)(1) (2006); Massis v. Mukasey, 549 F.3d 631, 638 (4th Cir. 2008), cert. denied, 130 S. Ct. 736 (2009); Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004).

---

[2] In his brief, Sangafio does not challenge the Board's decision dismissing the appeal from the immigration judge's denial of his application for relief under the CAT. As such, the claim is abandoned. See Yousefi v. INS, 260 F.3d 318, 326 (4th Cir. 2001). Moreover, he did not raise any CAT claim before the Board, and thus failed to exhaust administrative remedies with respect to the CAT claim. See 8 U.S.C. § 1252(d)(1) (2006).

The Immigration and Nationality Act ("INA") authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a), (b) (2006). It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds . . . ." Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted).

"Withholding of removal is available under 8 U.S.C. § 1231(b)(3) if the alien shows that it is more likely than not that her life or freedom would be threatened in the country of removal because of her race, religion, nationality, membership in a particular social group, or political opinion." Gomis v. Holder, 571 F.3d 353, 359 (4th Cir. 2009) (internal quotation marks omitted), cert. denied, 130 S. Ct. 1048 (2010). "This is a more stringent standard than that for asylum . . . . [and], while asylum is discretionary, if an alien establishes eligibility for withholding of removal, the grant is mandatory." Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353-54 (4th Cir. 2006) (internal citations omitted).

4

Credibility findings are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer a "specific, cogent reason" for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989) (internal quotation marks omitted). "Examples of specific and cogent reasons include inconsistent statements, contradictory evidence, and inherently improbable testimony[.]" Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006) (internal quotation marks omitted). Likewise, "the immigration judge cannot reject documentary evidence without specific, cogent reasons why the documents are not credible." Kourouma v. Holder, 588 F.3d 234, 241 (4th Cir. 2009).

The REAL ID Act of 2005 also amended the law regarding credibility determinations for applications for asylum and withholding of removal filed after May 11, 2005, as is the case here. Such determinations are to be made based on the totality of the circumstances and all relevant factors, including:

> the *demeanor, candor, or responsiveness* of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim[.]

5

8 U.S.C. § 1158(b)(1)(B)(iii) (2006) (emphasis added).

This court accords broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). If the immigration judge's adverse credibility finding is based on speculation and conjecture rather than specific and cogent reasoning, however, it is not supported by substantial evidence. Tewabe, 446 F.3d at 538.

A determination regarding eligibility for withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias- Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias- Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002). Because the Board added its own reasoning when it adopted the immigration judge's decision, we reviewed both decisions. Niang v. Gonzales, 492 F.3d 505, 511 n.8 (4th Cir. 2007).

We find substantial evidence supports the adverse credibility determination. Specifically, the discrepancies between Sangafio's testimony and his National Unity Party membership cards and his testimony and the affidavits submitted by friends and relatives. We also note that it was not clear error to find that Sangafio's testimony regarding being persecuted because of his party membership was inconsistent with the documentary evidence showing that his political party is part of the CAR government.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

7